## RANKIN *versus* SHERWOOD.

Upon the failure of any bank of this State to pay its bills on demand, the private property of each shareholder, to the amount of his stock, is liable to be levied upon the execution, recovered against the bank.

But, for the purpose of levying any such private property, the judgment must have been recovered while the bank had a legal existence.

A judgment recovered against the bank, after its charter had been revoked, is erroneous.

Any stockholder whose property has been levied by execution upon such a judgment, is so far a party as to enable him to institute a writ of error, to reverse it.

The decisions in the cases of *Whitman* v. *Cox*, 26 Maine, 335, and *Merrill* v. *Suffolk Bank*, 31 Maine, 57, are not in conflict.

WRIT OF ERROR, brought by a stockholder in the Frankfort Bank, to reverse a judgment recovered against the bank by the defendant in error.

The property of the plaintiff in error had been levied to satisfy the judgment.

The error assigned was, that " the original writ in the action in which said judgment was rendered, was sued out, and the judgment was rendered therein against said President, Directors and Company of the bank, after its charter had been revoked by an Act of the Legislature of the State of Maine; and there was then in existence at the time of the rendition of said judgment, no such corporation as the President, Directors and Company of the Frankfort Bank, against which judgment could be lawfully rendered."

*Hubbard,* for the plaintiff in error, referred to the case *Merrill* v. *Suffolk Bank,* 31 Maine, 57, as overruling the case of *Whitman* v. *Cox,* 26 Maine, 335, and as being decisive.

*W. Kelly,* as *amicus curiæ,* presented the following suggestions : —

In *Whitman* v. *Cox,* the Court decided, *that* Whitman, who was a stockholder, and whose property had been attached, was not *a party* to the original suit, nor the *legal representative* of any party ; — *that* for that reason, he could not maintain a writ of error to reverse the judgment ; and *that* therefore, as to him, the Court would treat the judgment as a nullity.

The Court were then considering the very judgment, now under examination ; and the decision in *Whitman* v. *Cox* would seem to be a legal absurdity, if placed on any other basis.

The plaintiff's counsel is in error, when urging that the Court, in deciding the case of *Merrill* v. *Suffolk Bank,* overruled the decision which they had made in *Whitman* v. *Cox.*

There must be parties to a writ of error as well as to an action of trover or assumpsit. None but a party to the suit or his legal representative can maintain a writ of error.

Merrill, the plaintiff in that suit, was the surviving receiver of the bank, and was, *ex officio,* its administrator and representative. No legal process could be supported in the name of the bank, it being entirely defunct. But any and all legal processes could be maintained by and in the name of the receivers, *ex necessitate.*

It is of some importance to preserve a decorum and propriety in legal proceedings. If this process had been brought in the name of the receivers, it would be maintainable without doing violence to any established legal principles, but in its present position it seems to be without precedent.

SHEPLEY, C. J. — It has been decided, that the Act of April 16, 1841, repealing the charter of the Frankfort Bank, destroyed its capacity to sue or to be sued. *Read* v. *Frankfort Bank,* 23 Maine, 318 ; *Whitman* v. *Cox,* 26 Maine, 335 ; *Merrill* v. *Suffolk Bank,* 31 Maine, 57.

Any judgment rendered against it since that time must be erroneous.

There is no inconsistency between the two last named cases. By the first of them it was decided, that a stockholder, whose property had been *attached*, did not thereby become a party to the suit.

This was not denied in the latter case, while it decided, that one not by the common law a party to the suit, was by statute made a privy to it by a *levy* made upon his land to satisfy the judgment recovered, and that as such privy he might maintain a writ of error to reverse it.

In the present case, the defendant in error has been defaulted. The effect of that default is to admit the matters alleged in the writ of *scire facias* to be true. In that writ it is alleged, that the plaintiff in error was a stockholder, and that his estate had been "taken and set off on said judgment and execution." And this brings the case within the principle decided in *Merrill* v. *Suffolk Bank.*

*Judgment reversed.*